IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-349-TMH |
| | ) [WO] |
| | ) |
| CAPT. GOODEN, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Alexander Brinson ["Brinson"], a city inmate, on May 21, 2013.  In this petition, Brinson challenges the denial of his right to appeal a conviction for third degree theft of property imposed upon him by the Municipal Court for the City of Montgomery, Alabama on February 21, 2013 (Case No. 2013CRA000483).  Specifically, Brinson asserts that the municipal judge assigned his case denied him the right to appeal this theft conviction to the Circuit Court of Montgomery County, Alabama for a trial de novo in accordance with Rule 30.1, *Alabama Rules of Criminal Procedure*.

During the pendency of this action, the municipal court granted Brinson an out-of-time appeal to the Circuit Court of Montgomery County for a trial de novo, thereby

nullifying the theft conviction challenged in the instant petition.[1] The case is currently set for trial before the state court on October 28, 2013. Thus, no conviction presently exists for which federal habeas relief may issue. Moreover, to the extent Brinson seeks issuance of an appeal bond allowing his release while awaiting trial on the theft charge or other action by the trial court relating to the pending charge, he has not exhausted available state remedies as he may file appropriate motions with the Circuit Court of Montgomery County, Alabama seeking such relief. It is likewise clear that Brinson can appeal any adverse ruling issued by the circuit court during the proceedings related to his pending criminal case.

## II. DISCUSSION

It is undisputed that Brinson is not currently in custody pursuant to a conviction for third degree theft of property arising from the theft charge lodged against him in Municipal Case No. 2013CRA000483, now Circuit Court Case No. CC-2013-5131. Instead, the record demonstrates that Brinson's present incarceration relates to another conviction and sentence imposed upon Brinson by the municipal court.[2] Brinson therefore fails to meet a requisite element for proceeding before this court on a 28 U.S.C. § 2254 petition for

---

[1] A trial de novo before the state circuit court requires that court to hold a trial as if no prior trial had occurred before the municipal court. Thus, at this stage of the proceedings, it is as if the petitioner's theft case involving theft of items from Stein Mart in 2013 case has never been tried.

[2] The documents filed by Brinson which are contained in the state court record indicate that the relevant conviction and sentence were imposed in Municipal Case No. 2013CRA001107. *Doc. No. 13-4* at 14.

habeas relief. 28 U.S.C. § 2241(a)(3) (emphasis added) (writ of habeas corpus filed by prisoner available only to challenge constitutionality of current custody); *see also Maleng v. Cook*, 490 U.S. 488 (1989*)*. Consequently, this case is due to be dismissed as federal habeas relief is not available at this time. In addition, the pleadings before the court establish that Brinson has failed to exhaust state remedies regarding any claims relative to the third degree theft charge presently pending before the Circuit Court of Montgomery County, Alabama as such claims may be presented to the circuit court for review and disposition.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Brinson acknowledges that he has not yet exhausted his available state court remedies with respect to the claims related to the pending criminal charge. Despite his assertion that it would be futile to exhaust state remedies because his sentence will expire prior to exhaustion, *Doc. No. 74* at 1, no conviction or sentence is currently in effect with respect to the theft charge underlying this petition as the case is pending a de novo trial before the

Circuit Court of Montgomery, Alabama. This court does not deem it appropriate to rule on the merits of Brinson's claims without first requiring that he exhaust available state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, the court finds that a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief is due to be dismissed without prejudice as Brinson does not meet the custody requirement relative to the charge referenced in the petition and so that Brinson can fully exhaust the state court remedies which are available to him with respect to this charge.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief be DENIED.

2. The petition be DISMISSED without prejudice.

It is further

ORDERED that on or before October 4, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of September, 2013.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE